# In the United States Court of Federal Claims

(Pro Se)

|  |  |
|---|---|
| STANLEY E. KORNAFEL, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 21-1821C<br>) (Filed: March 18, 2022) |
| THE UNITED STATES OF AMERICA, | )<br>)<br>) |
| Defendant. | )<br>) |

*Stanley E. Kornafel*, Pro Se, Prospect Park, PA.

*Ebonie I. Branch*, Trial Attorney, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, with whom were *Elizabeth M. Hosford*, Assistant Director, *Patricia M. McCarthy*, Director, and *Brian M. Boynton*, Acting Assistant Attorney General, for Defendant.

**OPINION AND ORDER**

**KAPLAN, Chief Judge.**

The plaintiff in the above-captioned case, Stanley Kornafel, proceeding pro se, filed a complaint alleging the commission of various statutory and constitutional violations, as well as asserting tort and contract claims, against both the United States and a retired state court judge whom he also named as a defendant. See Compl. at 1, Docket No. 1.[1] Although his complaint is not entirely clear, he appears to argue that unfavorable outcomes in state and federal district court proceedings were the result of a conspiracy between the United States and the state court judge to deprive him of certain rights. The government filed a motion to dismiss, pursuant to rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), arguing that this Court lacks subject-matter jurisdiction to consider Mr. Kornafel's complaint and that he failed to state a claim. See Def.'s Corrected Mot. to Dismiss ("Def.'s Mot."), Docket No. 9. For the reasons discussed below, the government's motion is **GRANTED** and Mr. Kornafel's complaint will be **DISMISSED**.

---

[1] Along with his complaint, Mr. Kornafel filed a motion for leave to proceed in forma pauperis ("IFP"). Docket No. 2. For purposes of granting the government's motion to dismiss the case for lack of subject-matter jurisdiction, Plaintiff's IFP application is **GRANTED**.

## BACKGROUND[2]

Mr. Kornafel asserts that his rights were violated during an allegedly unfair Pennsylvania state court proceeding against a car dealership concerning an allegedly defective car he bought in 2015. Compl. at 1–3 (describing the state court litigation which he characterizes as the "wrongful actions of the defendant state judge"). Mr. Kornafel brought an unsuccessful suit in state court, see Pl.'s Exs. A–E, Docket No. 1-1,[3] and several unsuccessful suits in federal district court, see Kornafel v. Del Chevrolet, 788 F. App'x 895, 897 (3d Cir. 2020) (per curiam).[4]

Mr. Kornafel filed the instant suit on September 3, 2021, claiming that he was denied due process and that there was collusion and bias in the handling of his state court case following the affirmance of summary judgment for the defendant. See Compl. Specifically, he alleges that both the state court judge and the United States committed violations of the First, Fifth, Thirteenth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983 and 9 U.S.C. § 10, the Pennsylvania Constitution, and numerous torts, as well as asserting a breach of contract claim. Compl. at 1. He seeks "[c]ompensatory damages for careless and negligent decision making," "damages for breach of contract," and "[p]unitive damages for reckless and careless negligence" on the part of the state court. Compl. ¶ 5.

On December 2, 2021, the government filed a motion to dismiss Mr. Kornafel's complaint for lack of subject-matter jurisdiction. Def.'s Mot. to Dismiss ("Def.'s Mot."), Docket No. 9. Mr. Kornafel filed his response on December 27, 2021, Pl.'s Answer to Def.'s Mot. ("Pl.'s Resp."), Docket No. 10, and the government filed its reply in support of its motion on January 10, 2022, Def.'s Reply to Pl.'s Resp. ("Def.'s Reply"), Docket No. 11.[5]

---

[2] These facts are based on allegations in Plaintiff's complaint and attached exhibit, which the Court accepts as true solely for purposes of ruling on the pending motion to dismiss. For purposes of background, the Court also includes jurisdictional facts drawn from the government's motion. See Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991) (explaining that the Court may go outside of the pleadings when ruling on a motion to dismiss under RCFC 12(b)(1) and "inquire into jurisdictional facts" to determine whether it has jurisdiction).

[3] Plaintiff attached to his complaint an appendix which contains six hand-paginated Exhibits, and the Court refers to the Exhibits' pagination accordingly.

[4] Mr. Kornafel has previously filed at least three lawsuits in the United States District Court for the Eastern District of Pennsylvania concerning the same state court litigation he seeks to challenge here. See Kornafel v. Del Chevrolet, No. 20-CV-4991, 2021 WL 26969, at *1 (E.D. Pa. Jan. 4, 2021) (imposing a pre-filing injuction "against him based on his prior conduct of submitting repetitive baseless lawsuits about his purchase of a car from Del Chevrolet and state court litigation relating to the car").

[5] On January 28, 2022, Plaintiff filed a "Motion in Limine to Vacate Defendant's Reply in Support of its Motion to Dismiss Pursuant to F.R.C.P. 60(b), 59 and Biased Prejudice." Docket. No. 12. On February 28, 2022, Plaintiff filed a second motion with the same title. Docket No. 14.

**DISCUSSION**

In considering a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Court may, however, "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). Further, while it is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met, Harris v. United States, 113 Fed. Cl. 290, 292 (2013); see also Zulueta v. United States, 553 F. App'x 983, 985 (Fed. Cir. 2014) ("[T]he leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." (quoting Kelley v. Sec'y, United States Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987))).

The Tucker Act grants the United States Court of Federal Claims the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). It serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff must therefore establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)). Further, the Tucker Act does not confer jurisdiction over claims against any entity other than the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941) (explaining that claims against parties other than the United States are not within this court's Tucker Act jurisdiction); see also Jaye v. United States, 781 F. App'x 994, 998 (Fed. Cir. 2019) ("It is well established that the Court of Federal Claims only has jurisdiction to hear claims against the United States.").

In this case, Mr. Kornafel names as a defendant a retired state court judge. See Compl. at 1. However, the United States is the only proper defendant in the Court of Federal Claims. Sherwood, 312 U.S. at 588. Accordingly, to the extent that he does not state a claim against any federal agencies or officials, nor otherwise allege a claim against the United States, this Court has no jurisdiction over those claims.

Nor does it have jurisdiction over the constitutional violations he alleges were committed by the United States. Specifically, Mr. Kornafel contends that the government violated his rights under the First, Thirteenth, and Fourteenth Amendments to the United States Constitution and the Fifth Amendment's Due Process Clause. Compl. at 1. It is, however, well settled that none of

---

The Rules of this court do not provide for the court to vacate a party's motion. Further, Plaintiff filed his motions without leave of court, even though such leave is a prerequisite to filing a sur-reply. Because the Court concludes that it lacks jurisdiction over any of Plaintiff's claims, it construes both filings as motions for leave to file a sur-reply, which are both **DENIED as moot**.

these are money-mandating provisions which could bring Mr. Kornafel's claim within the subject-matter jurisdiction of this Court. United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983) (holding that the First Amendment "cannot be so interpreted to command the payment of money"); Le Blanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (observing that "the Due Process Clauses of the Fifth and Fourteenth Amendments [are not] a sufficient basis for jurisdiction because they do not mandate payment of money by the government"); Carter v. United States, 228 Ct. Cl. 898, 900 (1981) (observing that the Thirteenth Amendment "do[es] not grant a right to the payment of money").[6]

Mr. Kornafel's statutory claims fare no better. He cites 42 U.S.C. § 1983, a civil rights statute that creates a cause of action against state and local officials, and 9 U.S.C. § 10, a provision of the Federal Arbitration Act. Compl. at 1. "Congress," however, "has expressly committed jurisdiction over claims brought under civil rights statutes, like 42 U.S.C. § 1981 [and § 1983], to the United States district courts," Allen v. United States, No. 2020-2143, 2022 WL 186067, at *2 (Fed. Cir. Jan. 20, 2022), and "[t]he Court of Federal Claims is not a district court of the United States," Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002); see also 28 U.S.C. § 1343(a)(1) ("The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . [t]o recover damages for . . . the deprivation of any right or privilege of a citizen of the United States," or "[t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights . . ."); Drake v. United States, 792 F. App'x 916, 920 (Fed. Cir. 2019) ("The Court of Federal Claims likewise does not have jurisdiction to entertain federal civil rights violations because the protections afforded by 42 U.S.C. §§ 1981, 1983, and 1988 create liability only when injury occurs under state law.").

Further, this Court "does not have jurisdiction to hear claims of wrongdoing by arbitrators [under 9 U.S.C. § 10], because jurisdiction over such claims is vested in the district courts." Turner v. United States, 129 F.3d 134 (Fed. Cir. 1997); see also Jackson v. United States, 10 Cl. Ct. 691, 694 (1986) (noting that "jurisdiction under [9 U.S.C. § 10] rests in the district courts"); Mail Transp., Inc. v. United States, 133 Fed. Cl. 413, 417 (2017) (noting that 9 U.S.C. § 10 permits "non-parties to an arbitration who are adversely impacted by an award" to "apply to a district court for relief from that award" (emphasis supplied)).

Mr. Kornafel also asserts that this Court's jurisdiction arises as a result of "[f]ederal questions," but the Court of Federal Claims lacks the authority to exercise federal question

---

[6] To the extent that Mr. Kornafel's complaint challenges the outcome of the proceedings presided over by the state court judge named in his complaint, it is axiomatic that this Court lacks the jurisdiction to review decisions of state courts. See, e.g., Jones v. United States, 440 F. App'x 916, 918 (Fed. Cir. 2011) (stating that the Court of Federal Claims does not have jurisdiction to review state court decisions). Further, and in any event, as has been explained to Plaintiff before, "Judge MacElree is entitled to absolute immunity from [his] § 1983 claims because judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction." Kornafel v. Del Chevrolet, No. 20-CV-4991, 2020 WL 7335467, at *3 (E.D. Pa. Dec. 14, 2020) (citing Stump v. Sparkman, 435 U.S. 349, 355–56 (1978)).

jurisdiction under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." See Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (observing that the Court of Federal Claims "lacks the general federal question jurisdiction of the district courts").

Plaintiff also alleges a violation of Article I, § 6 (right to jury trial) and Article I, § 17 (impairment of contracts) of the Pennsylvania Constitution. Compl. at 1; see also Pl.'s Resp. at 1. "Claims founded on state law," however (including those based on state constitutions), "are also outside the scope of the limited jurisdiction of the Court of Federal Claims." Souders v. S. Carolina Pub. Serv. Auth., 497 F.3d 1303, 1307 (Fed. Cir. 2007) (citing 28 U.S.C. § 1491(a)(1)); United States v. Mitchell, 463 U.S. 206, 215–18 (1983) (holding that 28 U.S.C. § 1491 limits this Court's jurisdiction to monetary claims founded upon the United States Constitution, federal statutes or regulations, or federal contracts).

As to Mr. Kornafel's claims that sound in tort, see Compl. at 5–6 (alleging fraud, abuse of discretion, and conspiracy); id. at 10 (seeking "[c]ompensatory damages for careless and negligent decision making" and "biased misuse of authority"), the Tucker Act expressly excludes such claims from this Court's jurisdiction, see 28 U.S.C. § 1491(a)(1) (stating that the "Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . in cases not sounding in tort "); Keene Corp. v. United States, 508 U.S. 200, 214 (1993) (stating that "tort cases are outside the jurisdiction of the Court of Federal Claims"). Claims against individual government or judicial actors, moreover, are also outside this Court's jurisdiction. Fla. Rock Indus., Inc. v. United States, 791 F.2d 893, 898 (Fed. Cir. 1986) (stating that plaintiffs may not "recover damages for unauthorized acts of government officials" in the Court of Federal Claims).

Finally, Mr. Kornafel alleges "breach of contract by way of dissolving court's duty of finding truth causing false result and abortion of justice." Compl. at 10; see also Pl.'s Resp. at 7 (asserting that the United States Constitution is a contract). Although "[a] non-frivolous allegation that a contract exists between a plaintiff and the United States is sufficient to invoke the subject matter jurisdiction of [this] Court," dismissal for lack of subject-matter jurisdiction is nevertheless proper where "the claim is 'wholly insubstantial and frivolous.'" Ibrahim v. United States, 799 F. App'x 865, 867 (Fed. Cir. 2020) (quoting Lewis v. United States, 70 F.3d 597, 602–04 (Fed. Cir. 1995)).

Further, contract claims in the Court of Federal Claims must be supported by well-pleaded allegations going to each element of a contract. See Crewzers Fire Crew Transp., Inc. v. United States, 741 F.3d 1380, 1382 (Fed. Cir. 2014); RCFC 9(k) ("In pleading a claim founded on a contract . . . a party must identify the substantive provisions of the contract . . . on which the party relies."). Plaintiff fails to allege any facts sufficient to show a contract with the United States, identify the terms of the contract or the provisions he claims have been breached, or otherwise set forth any nonfrivolous factual allegations from which the Court could plausibly conclude that Plaintiff had a contract with the United States. D&N Bank v. United States, 331 F.3d 1374, 1377 (Fed. Cir. 2003) (providing that "there needs to be something more than a cloud of evidence that could be consistent with a contract to prove a contract and enforceable contract rights"). Further, "the Constitution cannot be considered an express or implied-in-fact contract

concerning which a breach action may be maintained in [the Court of Federal Claims]." <u>Griffith v. United States</u>, No. 14-793C, 2015 WL 430285, at *3 (Fed. Cl. Jan. 30, 2015) (citing <u>Taylor v. United States</u>, 113 Fed. Cl. 171, 173 (2013)). Accordingly, this claim must be dismissed.[7]

## CONCLUSION

The government's motion to dismiss Mr. Kornafel's complaint, Docket No. 9, is **GRANTED**, and the case is **DISMISSED without prejudice**. Plaintiff's motions for leave to file sur-replies, Docket Nos. 12, 14, are **DENIED as moot**. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

*Elaine D. Kaplan*
ELAINE D. KAPLAN
Chief Judge

---

[7] Further, and in any event, to the extent that Mr. Kornafel attempts to clarify or raise additional claims in his response, arguments not raised in a complaint cannot be raised in response to a motion to dismiss. <u>Mendez-Cardenas v. United States</u>, 88 Fed. Cl. 162, 166–67 (2009) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").